JOHN W. HUBER, United States Attorney (#7226)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL FRISCHKNECHT,<br><br>Defendant. | Case No. 1:17-CR-00061 DAK<br><br>POSITION OF THE UNITED STATES REGARDING SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)<br><br>Judge Dale A. Kimball |

The United States of America, through the undersigned, hereby files its sentencing memorandum as to defendant Daniel Frischknecht in advance of the sentencing hearing scheduled for May 30, 2018.

I.    BACKGROUND

Defendant has pleaded guilty to one count of money laundering under 18 U.S.C. 1957. The parties agree that the amount of restitution to be ordered is $565,591.41 although Mr. Frischknecht has voluntarily paid restitution in full. Based on the loss amount, with the specific offense characteristic increases added, Defendant is facing a guideline range of 33–41 months this offense.

The United States recommends the low end of the guidelines, or 33 months of imprisonment, followed by a 3-year term of supervised release.

## II.      DISCUSSION

The Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  A term of imprisonment at the low end of the guidelines, here, a 33-month sentence, gives due weight to the congressional values of punishment, general deterrence, incapacitation, respect for the law, and avoids unwarranted sentence disparities.  The United States recommends a sentence of imprisonment that is consistent with the factors to be considered under 18 U.S. § 3553(a)(1) and 2(A-D) as discussed below.

### A.  SENTENCING FACTORS

The Defendant appears to have been raised in a stable and loving home where he was taught the difference between right and wrong.  He had a good childhood and was raised in an upper class environment.  He served a mission with his church when he was 19.  He maintains a good relationship with his parents and his siblings.  He was well-paid at Zions Bank, and enjoyed an important management role in that company.

These facts make Mr. Frischknecht's deliberate theft from Zions bank wholly gratuitous.  His desire to live beyond his means came at the expense of those who trusted him, his employer and his family.  Mr. Frischknecht was employed at Zions Bank from 2004–2017.  At the time of the embezzlement, Mr. Frischknecht had been employed as the manager of the Bountiful branch for three years.

Notably, Mr. Frischknecht's crime did not involve one single lapse of judgment, but involved two deliberate acts almost three months apart.  Mr. Frischknecht first embezzled $70,000

2

using a Zions Bank customer's line of credit. Approximately three months later, he embezzled $495,591.41, depositing it in to his personal Mountain America Credit Union account and then wiring the money to a title company for the purchase of a new home in Bountiful, Utah.

Mr. Frischknecht continues to have the love and support of his family. Mr. Frischknecht's father has returned to the workplace from retirement and cashed out money from his retirement account in order to help Mr. Frischknecht pay back restitution from this crime. Mr. Frischknecht has no prior criminal offenses and took responsibility early in this case, saving the United States limited grand jury resources by waiving indictment and proceeding by information.

Not surprisingly, the victim of this offense, Zions Bank, feels as if Mr. Frischknecht "ruthlessly violated" his position of trust placed in him as a branch manager of Zions Bank. He utilized his knowledge of banking procedures in order to conceal and delay the discovery of his illegal transactions. Zions Bank is also worried about its reputational risk and is specifically concerned about deterrence, so that its employees can see that Zions Bank takes internal theft seriously.

## B.  GUIDELINE CALCULATION

The Supreme Court has declared that, in determining an appropriate sentence, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Although advisory, the Guidelines assure a measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the Guidelines, while carefully considering the factors set forth in 18 U.S.C. § 3553(a) particularly relevant to an individual defendant, minimizes the disfavored result of basing sentences on the "luck of the draw"

in judicial assignments. Therefore, the Supreme Court has held that "district courts must begin

their analysis with the Guidelines and remain cognizant of them throughout the sentencing

process." *Gall*, 552 U.S. at 50 n. 6. The United States respectfully refers the Court to the

Presentence Report, which indicates the defendant's guidelines as follows:

Bank Fraud, in violation of 18 U.S.C. § 1344

| | | |
|---|---|---|
| §2B1.1(a)(1) | Base Offense Level | +6 |
| §2B1.1(b)(1)(H) | Loss amount +$550,000 | + 14 |
| §2S1.1(b)(2)(A) | Convicted under 18 U.S.C. § 1957 | +1 |
| §3B1.3 | Position of Public or Private Trust | +2 |
| | | |
| §3E1.1(a) | Acceptance of Responsibility | -2 |
| §3E1.1(b) | Additional Acceptance | -1 |
| | Total Offense Level | 20 |

Mr. Frischknecht has zero criminal history points, which puts him in criminal history

category I. Mr. Frischknecht's guideline range is 33–41 months imprisonment. The United States

seeks a sentence at the low end of the guideline range, or 33 months imprisonment with 3 years of

supervised release to follow.

## CONCLUSION

For all of the reasons set forth in this memorandum, and the presentence report, the United

States respectfully requests that the Court impose a 33 month sentence of imprisonment to be

followed by a three year term of supervised release, and order restitution (already paid) in the

amount of $565,591.41. This sentence sufficiently accounts for the Defendant's conduct and will

protect the community while affording adequate deterrence and proportionate punishment under

the circumstances of this case. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 21st day of May, 2018.

JOHN W. HUBER
United States Attorney


 */s/ Ruth Hackford-Peer*
RUTH HACKFORD-PEER
Assistant United States Attorney